IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Phillips Screw Company, §
 §    04 10540 RGS
  Plaintiff, §    MAGISTRATE JUDGE RBC
 §
 §    Civil Action No. _____
v. §
 §
Olympic Manufacturing Group, Inc., §
 §    (Jury Trial Demanded)
 §    RECEIPT # 54624
 §    AMOUNT $150
  Defendant. §    SUMMONS ISSUED yes
      LOCAL RULE 4.1 ___
      WAIVER FORM ___
      MCF ISSUED ___
      BY DPTY. CLK. F.O.M
**COMPLAINT SEEKING DAMAGES**    DATE 3/17/04
**AND REQUEST FOR JURY TRIAL**

Plaintiff Phillips Screw Company files this Complaint against Olympic Manufacturing Group, Inc., alleging as follows:

**Parties**

1. Plaintiff Phillips Screw Company ("Phillips") is a corporation organized under the laws of the State of Delaware, and maintains its principal place of business at 508 Edgewater Drive, Wakefield, Massachusetts, 01880.

2. Defendant Olympic Manufacturing Group, Inc. ("Defendant"), is a corporation organized under the laws of the State of Delaware, and maintains a place of business at 153 Bowles Road, Agawam, Massachusetts, 01001.

## Jurisdiction

3. This cause of action arises under the Patent laws of the United States, Title 35, United States Code, and more particularly under 35 U.S.C. §§ 271 et. seq. This Court has jurisdiction over this patent infringement action under the Judicial Code of the United States, 28 U.S.C. §§ 1338(a) and 1331.

4. Defendant resides in and/or has engaged in business activity within this judicial district sufficient to vest this Court with personal jurisdiction over Defendant.

## Venue

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) in that Defendant is a corporation residing in this judicial district. Defendant also has committed acts in this judicial district that are accused to be direct and/or indirect infringement, contributory infringement and inducement of infringement of the patent-in-suit.

## FACTUAL BACKGROUND

6. On December 23, 2003, the U.S. Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent Number 6,666,638 (the "'638 Patent") in the name of Arnold Craven for his invention titled "DECK SCREW HAVING MULTIPLE THREADED SECTIONS." A copy of the '638 Patent is attached as Exhibit 1.

7. By assignment, Phillips is the owner of the entire right, title, and interest in the '638 Patent, and has the sole right to sue and recover for infringement thereof.

8. The '638 Patent is directed toward a novel screw for penetrating and securing work-pieces. The screw described and claimed in the '638 patent is particularly useful for securing composite wood materials, and similar materials.

9. Pursuant to 35 U.S.C. § 282, the '638 Patent, and each and every claim therein, is presumed valid.

10. Phillips has given Defendant actual notice of the '638 Patent and that Defendant's products infringe the '638 Patent in the form of a letter on or about December 23, 2003.

## PATENT INFRINGEMENT COUNT

11. Phillips repeats and realleges the allegations set forth in paragraphs 1 through 10 hereof.

12. Defendant has been and is now infringing the '638 Patent by making, using, selling, offering for sale, use and/or importation in the United States, systems and products covered by one or more claims of the '638 Patent, including but not limited to its TrapEase™ products.

13. Defendant has induced, and continues to induce, infringement of the '638 Patent by knowingly and intentionally inducing others to make, use, sell and/or import in the United States systems and products covered by one or more claims of the '638 Patent.

14. Defendant has contributorily infringed, and continues to contributorily infringe the '638 Patent by selling, offering to sell and/or import in the United States components and/or materials covered by one or more claims of the '638 Patent, wherein such components and/or materials constitute a material part of the invention. Defendant has done so and continues to do so knowing that the components and/or materials are especially made or especially adapted for

use in an infringement of the '638 Patent, and are not a staple article suitable for substantial non-infringing use.

15.   Defendant had actual knowledge of the '638 Patent at the time it was infringing, inducing infringement of, and contributorily infringing the '638 Patent. Notwithstanding that actual knowledge, Defendant has continued to infringe, induce others to infringe, and contributorily infringe the '638 Patent.

16.   Defendant's acts of infringement, inducement of infringement and contributory infringement have been made with full knowledge of the '638 Patent. Such acts constitute willful and deliberate infringement, entitling Phillips to enhanced damages and attorney fees.

17.   As a consequence of Defendant's infringement, Phillips has been irreparably damaged to an extent not yet determined, and Phillips will continue to be irreparably damaged by such acts in the future unless Defendant is enjoined by this Court from committing further acts of infringement.

18.   Phillips is entitled to recover damages adequate to compensate for Defendant's infringement, which in no event can be less than a reasonable royalty.

**PRAYER FOR RELIEF**

WHEREFORE, Phillips prays for entry of judgment declaring:

A. that Defendant has infringed, contributorily infringed and induced infringement, and continues to infringe, contributorily infringe and induce infringement of the '638 Patent;

B. that Defendant, its agents, employees, representatives, successors, and assigns and those acting, or purporting to act, in privity or in concert with Defendant, be preliminarily and permanently enjoined from further infringement of the '638 Patent;

C. that Defendant accounts for and pays to Phillips all damages under 35 U.S.C. § 284, including enhanced damages, caused by the infringement of the '638 Patent and attorney fees pursuant to 35 U.S.C. § 285;

D. that Phillips be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendant's infringement of the '638 Patent;

E. that costs be awarded to Phillips; and

F. that Phillips be granted such other and further relief as the Court may deem just and proper under the current circumstances.

## JURY DEMAND

Phillips hereby demands a trial by jury.

Dated: March 17, 2004

Respectfully Submitted,

By: _____

OF COUNSEL:

Charles W. Saber
Donald A. Gregory
Peter A. Veytsman
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street NW
Washington, D.C. 20037-1526
Telephone: (202) 861-9116
Facsimile: (202) 887-0689

Christopher Weld, Jr. (BBO # 522230)
Raymond P. Ausrotas (BBO # 640315)
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109
Telephone: (617) 720-2626
Facsimile: (617) 227-5777

Counsel for Plaintiff
Phillips Screw Company