UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILLIPS SCREW COMPANY, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>OLYMPIC MANUFACTURING )<br>GROUP, INC., )<br>    Defendants. )<br>_____) | Civil Action<br>No. 04 CV 10540 RGS |

## ANSWER AND COUNTERCLAIM

Defendant, Olympic Manufacturing Group, Inc., ("OMG") by and through counsel, answers the complaint of Plaintiff, Phillips Screw Company ("Phillips") in the above-captioned action as follows with respect to the correspondingly numbered paragraphs of the complaint:

1. Defendant admits that the Plaintiff appears to have a place of business at 508 Edgewater Drive, Wakefield, Massachusetts. Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's remaining allegations of paragraph 1 of the complaint and therefore leaves Plaintiff to its proofs.

2. Defendant admits the allegations of paragraph 2 of the complaint.

3. Defendant admits that the above-captioned action purports to arise under the patent laws of the United States, Title 35, United States Code, and more particularly under 35 U.S.C. §§ 271 et. seq. Defendant admits that the United States District Court for the District of Massachusetts appears to have jurisdiction over the above-captioned action under 28 U.S.C. §§ 1338(a) and 1331. Defendant denies any remaining allegations of paragraph 3 of the complaint.

4. Defendant admits the allegations of paragraph 4 of the complaint.

5. Defendant admits that venue appears to be proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391. Defendant denies the remaining allegations of paragraph 5 of the complaint.

6. Defendant admits that United States Letters Patent No. 6,666,638 has the title "Deck Screw Having Multiple Threaded Sections" and names Arnold Craven as inventor. Defendant denies that the United States Patent and Trademark Office duly and legally issued United Sates Patent No. 6,666,638 and denies any remaining allegations of paragraph 6 of the complaint.

7. Defendant is without sufficient knowledge or information to admit or deny Phillips' ownership of United States Patent No. 6,666,638 or Phillips' right to sue and recover for infringement thereof, and therefore leaves Plaintiff to its proofs.

8. Defendant denies the allegations of paragraph 8 of the complaint.

9. This paragraph states a conclusion of law to which no response is required. If any further answer is required, Defendant denies that the claims in U.S. Patent No. 6,666,638 are presumed valid.

10. Defendant denies Defendant's products infringe U.S. Patent No. 6,666,638 and Defendant admits the remaining allegations of paragraph 10 of the complaint.

11. Defendant repeats its responses to paragraphs 1 through 10 of the complaint set forth above.

12. Defendant denies the allegations of paragraph 12 of the complaint.

13. Defendant denies the allegations of paragraph 13 of the complaint.

14. Defendant denies the allegations of paragraph 14 of the complaint.

15. Defendant denies the allegations of paragraph 15 of the complaint.

16. Defendant denies the allegations of paragraph 16 of the complaint.

17. Defendant denies the allegations of paragraph 17 of the complaint.

18. Defendant denies the allegations of paragraph 18 of the complaint.

**Wherefore**, Defendant denies that Plaintiff is entitled to any of the relief set forth in its prayer for relief, and respectfully prays that:

1. The Court dismiss Plaintiff's complaint with prejudice; and

2. The Court award OMG such other and further relief as the Court may deem just and equitable.

Defendant sets forth its affirmative defenses as follows:

### FIRST AFFIRMATIVE DEFENSE

19. Defendant does not infringe any valid claim of United States Patent No. 6,666,638.

### SECOND AFFIRMATIVE DEFENSE

20. When properly construed and interpreted in light of the prior art and the proceedings before the United States Patent and Trademark Office relating thereto, the claims of United States Patent No. 6,666,638 do not have a scope which encompasses any products made, used, offered for sale or imported into the United States by Defendant.

### THIRD AFFIRMATIVE DEFENSE

21. Each claim of United States Patent No. 6,666,638 is invalid, void and/or unenforceable under one or more provisions of Title 35 U.S.C. §§ 101, 102, 103 and 112.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

As a counterclaim against Phillips, OMG states and alleges as follows:

22. Counterclaim Plaintiff, Olympic Manufacturing Group, Inc. (OMG) is a Delaware Corporation having its principal place of business at 153 Bowles Road, Agawam, Massachusetts.

23. Counterclaim Defendant, Phillips Screw Company (Phillips) has a place of business at 508 Edgewater Drive, Wakefield, Massachusetts, and upon information and belief is a Delaware Corporation.

24. This is a counterclaim against Phillips for declaratory judgment of invalidity and non-infringement of United States Patent No. 6,666,638 brought pursuant to 28 U.S.C. §§ 2201 and 2202. There is an actual controversy between Phillips and OMG as to the non-infringement, enforceability and invalidity of said patent under the Patent Laws of the United States and in particular Title 35, §§ 271 et seq. of the United States Code.

25. This Court has jurisdiction over the subject matter of this counterclaim under 28 U.S.C. §§ 1338(a) and 2201. This Court has personal jurisdiction over Phillips.

26. No product made, used, offered for sale, or sold or imported into the United States by OMG infringes any valid claim of United States Patent No. 6,666,638.

27. Each claim of United States Patent No. 6,666,638 is invalid, void and unenforceable under one or more provisions of Title 35 U.S.C. §§ 101, 102, 103 and 112.

28. Alternatively, when properly construed and interpreted in light of the prior art and the proceedings in the United States Patent and Trademark Office relating thereto, the claims of United States Patent No. 6,666,638 do not have a scope which encompasses any product made, used, offered for sale, or sold or imported into the United States by OMG.

29. Alternatively, any attempt to read the claims of United States Patent No. 6,666,638 on the products of OMG would render the claims invalid in view of prior art pursuant to Title 35 of the United States Code.

### PRAYER FOR RELIEF

**Wherefore**, having fully answered Plaintiff's complaint and set forth its affirmative defenses and counterclaim, Defendant OMG respectfully prays that:

1. The Court dismiss Plaintiff's complaint with prejudice;

2. The Court declare that OMG has not infringed and does not infringe any valid claim of United States Patent No. 6,666,638;

3. The Court declare that the claims of United States Patent No. 6,666,638 are invalid and unenforceable;

4. The Court award OMG its costs, expenses and reasonable attorneys fees incurred in connection with this action; and

5. The Court award OMG such other and further relief as the Court may deem just and equitable.

Dated this 15th day of July, 2004.

Respectfully Submitted,
OLYMPIC MANUFACTURING GROUP, INC.,
By its attorney;

By_____
Kevin S. Murphy (BBO #638335)
YURKO & SALVESEN, P.C.
One Washington Mall, 11th Floor
Boston, Massachusetts 02108-2603
Tel. (617) 723-6900
Fax (617) 723-2905

Of Counsel:
Guy D. Yale, Esq.
Thomas J. Menard, Esq.
ALIX, YALE & RISTAS, LLP
750 Main Street
Hartford, CT 06103
Tel: (860) 527-9211
Fax: (860) 527-5029

## CERTIFICATION

I hereby certify that a true copy of the foregoing was served this 15th day of July, 2004, by first class United States mail, to the following counsel of record:

Christopher Weld, Jr., Esq.
Raymond P. Ausrotas, Esq.
TODD & WELD
28 State Street
Boston, Massachusetts 02109

Charles W. Saber
Donald A. Gregory
Peter A. Veytsman
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street NW
Washington, D.C. 20037-1526

Kevin S. Murphy, Esq.