IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Phillips Screw Company, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 04 CV 10540 RGS |
| v. | § | |
| | § | |
| Olympic Manufacturing Group, Inc., | § | |
| | § | (Jury Trial Demanded) |
| | § | |
| Defendant. | § | |

## STIPULATED PROTECTIVE ORDER

WHEREAS Plaintiff Phillips Screw Company ("Phillips") and Defendant Olympic Manufacturing Group, Inc. ("OMG") believe that certain information that is or may be discovered in this litigation constitutes trade secrets or other confidential research, development or commercial information within the meaning of Fed. R. Civ. P. 26(c); and

WHEREAS Phillips and OMG believe that it would facilitate discovery and trial proceedings to produce such information under a protective order pursuant to Fed. R. Civ. P. 26(c);

IT IS HEREBY ORDERED pursuant to stipulation of the parties that:

1.      All information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2.      (a) "Confidential Information" includes, but is not limited to, (i) proprietary technical information and specifications, (ii) trade secrets as defined under the Uniform Trade Secrets Act,

national, state, local law or other applicable case law, (iii) confidential know-how, and (iv) proprietary business and financial information, including information about existing and potential customers and licensees, marketing studies, performance and projections, business strategies, personnel compensation, evaluations and other employment information, (v) confidential and proprietary information about affiliates, parents, subsidiaries and third parties with whom the parties to this action have or have had business relationships, and (vi) any other non-public information, the disclosure of which is likely to have the effect of causing significant competitive harm to the disclosing party or party from which the information was obtained.

(b) Nothing shall be regarded as Confidential Information if it is information that:

(i) is in the public domain at the time of disclosure, as evidenced by a written document;

(ii) becomes part of the public domain through no fault of the other party, as evidenced by a written document;

(iii) was in the receiving party's rightful and lawful possession at the time of disclosure, as evidenced by a written document; or

(iv) is lawfully received by the receiving party from a third party at a later date without restriction as to disclosure.

(c) The scope of this Protective Order shall be understood to encompass not only those items or things that are expressly designated as Confidential Information, but also any information derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversation derived therefrom or related thereto.

3.   (a) Documents produced in this action may be designated by any party or parties as Confidential Information by marking each page of the document(s) with either of the following designations:

1810630 v1; 12T3@01!.DOC

CONFIDENTIAL: SUBJECT TO PROTECIVE ORDER

or

HIGHLY CONFIDENTIAL: SUBJECT TO PROTECIVE ORDER

(b) The designation "HIGHLY CONFIDENTIAL: SUBJECT TO PROTECIVE ORDER" shall be used for Confidential Information that constitutes technical information, as that term is defined herein;

(c) The designation "CONFIDENTIAL: SUBJECT TO PROTECIVE ORDER" shall be used for all Confidential Information other than technical information, as that term is defined herein;

(d) For the purposes of this section, the term "technical information" includes Confidential Information relating to product development, research and development, product design, prototypes, technical specifications and drawings, intellectual property rights, pending patent applications, product manufacturing, assembly of prototypes and products and information of similar character to the categories above;

(e) Documents and other materials marked "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" shall be disclosed to Qualified Persons, as defined in paragraph 4 of this Protective Order, and to two designated people who are an officer, director or employee of each party. For Phillips, the designated people are Carl A. Chasse and Gary M. Sable, and for OMG the designated people are Hubert T. McGovern and Paul E. Dixon;

(f) Documents and other materials marked "HIGHLY CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" shall be disclosed only to Qualified Persons, as defined in paragraph 4 of this Protective Order,

3

(g) In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

4. "Qualified Persons," as used herein means:

(a) Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(b) Actual or potential outside independent experts or consultants, who have been designated in writing by notice to all counsel pursuant to paragraph 4(e). Prior to disclosure of Confidential or Highly Confidential Information, any such person shall, after reading this Protective Order, agree to be bound by this Protective Order and shall execute an undertaking in the form attached as Exhibit A (such signed undertaking to be retained by the attorney retaining such person);

(c) Independent litigation support personnel (including measurement laboratories, translators, graphic designers, printers, etc.) retained by and working under the direction of counsel and who are assisting counsel in this action;

(d) Anyone authorized by written agreement of the parties;

(e) In the case of sub-part 4(b), not less than five (5) business days prior to the disclosure of any Confidential or Highly Confidential Information to the designated Qualified Person, counsel for the party desiring to disclose the Confidential or Highly Confidential Information shall provide to counsel for the party that has designated the information as Confidential Information written notice by facsimile or e-mail of the identity of that outside independent expert or consultant. The written notice shall include a resume of the proposed expert or consultant and shall identify (A) the name, address and title of the proposed expert or consultant;

(B) current business affiliation of the expert or consultant (including any affiliation as an expert, an advisor, a consultant or any other similar role); (C) any known present or former relationships between the expert or consultant and any party; (D) all business relationships during the past ten years in an area involving design, manufacture and sales of fastening devices, including screws, and with any company related to a party or any predecessor company of a party; and (E) a summary of the expert's or consultant's testifying experience during the past four (4) years. A party shall have five (5) business days after receiving such written notice to object in writing to the designation, and an additional five (5) business days to seek a protective order precluding the disclosure of Confidential or Highly Confidential Information to the expert or consultant. During the period while a decision on such protective order is pending with the Court, no disclosure of Confidential or Highly Confidential Information shall be made to the expert or consultant.

5.    (a) Information disclosed at (i) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (ii) the deposition of a third party or information disclosed by a third party pertaining to a party, may be designated by any party as Confidential or Highly Confidential by indicating on the record at the deposition that the testimony is Confidential or Highly Confidential and is subject to the provisions of this Protective Order. Any person present at a deposition who is not entitled to receive Confidential Information or Highly Confidential Information under the provisions of this Protective Order will be required to leave the deposition during the discussion of any such information.

(b) Any party may also designate information disclosed at depositions as Confidential or Highly Confidential by notifying all of the parties in writing, within fifteen (15) business days of

the report's date of mailing of the transcript, of the specific pages and lines of the transcript that should be treated as Confidential or Highly Confidential Information thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as Highly Confidential for a period of fifteen (15) business days after the report's date of mailing of the transcript.

      (c) During hearings or trial, the party offering Confidential or Highly Confidential Information shall request that the Court excuse from the room any person present who is not entitled access to such information under the provisions of this Protective Order unless the parties agree that such a request is not necessary. The party offering Confidential or Highly Confidential Information shall request the court reporter to mark the transcript in accordance with the provisions of this Protective Order, and so marked portion(s) shall be maintained as a separate record and access thereto shall be limited in accordance with the terms of this Protective Order.

6.    Confidential or Highly Confidential Information shall not be disclosed or made available by the receiving party to persons other than those entitled access to such information under the provisions of this Protective Order.

7.    (a) Documents to be inspected shall be treated as Highly Confidential Information during inspection, although such documents need not be marked as Confidential or Highly Confidential Information prior to inspection. At the time of copying for the receiving parties, any documents containing Confidential or Highly Confidential Information shall be stamped prominently "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" by the producing party.

1810630 v1; 12T3@01!.DOC

(b) Nothing herein shall prevent disclosure beyond the terms of this Protective Order if each party designating the information as Confidential or Highly Confidential Information consents to such disclosure or if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing Confidential or Highly Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the Confidential or Highly Confidential Information, irrespective of which party or related entity produced such information. Nor shall anything herein prevent any counsel of record from utilizing Confidential or Highly Confidential Information in the examination or cross-examination of any person who is a current or former officer, director or employee of the party so designating the information as Confidential or Highly Confidential Information or of the party or related entity that produced the information.

8. If a party inadvertently discloses any document or thing containing information that it deems confidential without designating it as Confidential or Highly Confidential Information, the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing, and the receiving party and all persons entitled to possess such information shall thereafter treat the information as Confidential or Highly Confidential Information under this Protective Order. To the extent such information may have been disclosed to persons other than those entitled to receive such information, the receiving party shall make every reasonable effort to retrieve such information promptly from such persons and to avoid any further disclosure to such persons.

9. (a) A party shall not be obligated to challenge the propriety of a designation as Confidential or Highly Confidential Information at the time made, and a failure to do so shall not

preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as Confidential or Highly Confidential Information, or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the parties are unsuccessful in informally resolving any disputes regarding the designation of any document or information as Confidential or Highly Confidential Information, the Court shall resolve all such disputes. It shall be the burden of the party making any designation to establish that the information so designated is so entitled pursuant to FRCP 26(c).

(b) The parties may, by written stipulation filed with the Court, amend this Protective Order, and any party may seek an order of this Court modifying this Protective Order. The parties agree to meet and confer prior to seeking to modify this Protective Order. In addition, the Court may modify this Protective Order in the interest of justice or otherwise at the Court's discretion.

10.     In the event a party wishes to use any Confidential or Highly Confidential Information in any affidavits, briefs, memoranda of law, or other papers filed with the Court in this litigation, such Confidential or Highly Confidential Information used therein shall be filed under seal with the Court as provided by the rules of this Court.

11.     Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Protective Order.

12.     Nothing in this Protective Order shall preclude the parties from disclosing or using, in any manner or for any purpose, any information obtained other than by discovery in this action,

1810630 v1; 12T3@01!.DOC

if such information is lawfully obtained from a third party who lawfully possesses such information, as shown by written documents, even though the same information may have been produced in discovery in this litigation and designated as Confidential or Highly Confidential Information.

13.     Nothing in this Protective Order shall require production of information which any of the parties contend is protected from disclosure by the attorney-client privilege or work product immunity, however, such information shall at the time of the claim comply with FRCP 26(b)(5). If information subject to a claim of attorney-client privilege or work product immunity is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such or related information. If a party has inadvertently produced to the other party information subject to a claim of immunity or privilege, the other party upon request shall promptly return the information, and all copies thereof, to which a claim of inadvertent production is made. The claim of inadvertent production shall be made promptly after discovery of the inadvertent production by the producing party. The party returning such information may then move the Court for an Order compelling production of such information. The fact that the information was previously produced shall not, by itself, be grounds for waiver of privilege; however, nothing herein shall prevent the moving party from contending that the original production did not constitute an inadvertent production or that the claim of inadvertent production was not made promptly.

14.     In the event any person or party that has possession, custody, or control of any information designated as Confidential or Highly Confidential Information pursuant to the terms of this Protective Order receives a subpoena or other process or order to produce such

information, such person or party shall notify, by overnight mail, the counsel for the party or persons claiming confidential treatment of the documents sought by such subpoenas or other process or order, shall furnish such counsel with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the party whose interests may be affected. The party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. The person or party receiving the subpoena or process or order shall be entitled to comply with it except: (a) to the extent the party asserting the confidential treatment is successful in obtaining an order modifying or quashing it; and (b) in complying with the process or order shall, at a minimum, seek to obtain confidential treatment of the Confidential Information before producing it.

15. This Protective Order shall apply to the parties and any non-party from whom discovery may be sought and who desires protection for the discovery sought. Thus, any non-party requested or required to produce or disclose information in this proceeding, through subpoena or otherwise, may designate such information pursuant to the terms of this Protective Order.

16. Within sixty (60) days after conclusion of this litigation and any and all appeals thereof, any document and all reproductions of documents designated as Confidential or Highly Confidential Information produced by a party that are in the possession of any of the persons qualified under paragraphs 4(a) through (d) or 3(e) shall be returned to the producing party or, with the consent of the producing party, destroyed. Counsel of record for a receiving party may retain one unredacted copy solely in its offices of any pleadings which may contain Confidential or Highly Confidential Information under this Protective Order except as this Court may otherwise order, or to the extent Confidential or Highly Confidential Information was used as evidence at the trial. If counsel retains such materials, the materials shall be accessible only by

Qualified Persons defined in paragraph 4(a) above. If destroyed, counsel for the receiving party shall certify to counsel for the producing party compliance with this paragraph within seven (7) calendar days of such destruction. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal; and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

17. This Protective Order shall not bar any attorney herein in the course of rendering advice to the client with respect to this litigation from conveying to any party client his evaluation in a general way of Confidential or Highly Confidential Information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Confidential or Highly Confidential Information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

18. The Court shall retain jurisdiction over the parties for purpose of enforcement of this Protective Order.

SIGNED AND ENTERED this 1st day of October, 2004.

_Richard␣␣Stearns_
UNITED STATES DISTRICT JUDGE

AGREED:

Dated: **28 Sept.**, 2004

_____
Kevin S. Murphy (BBO # 638335)
YURKO & SALVESEN, P.C.
One Washington Mall, 11th Floor
Boston, Massachusetts 02108-2603
Telephone: (617) 723-6900
Facsimile: (617) 723-2905

_____
Christopher Weld, Jr. (BBO # 522230)
Raymond P. Ausrotas (BBO # 640315)
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109
Telephone: (617) 720-2626
Facsimile: (617) 227-5777

_____
Guy D. Yale
Thomas J. Menard
ALIX, YALE & RISTAS, LLP
750 Main Street
Hartford, CT 06103
Telephone: (860) 527-9211
Facsimile: (860) 527-5029

_____
Charles W. Saber
Donald A. Gregory
Peter A. Veytsman
DICKSTEIN SHAPIRO MORIN
   & OSHINSKY LLP
2101 L Street, N.W.
Washington, D.C. 20037-1526
Telephone: (202) 861-9116
Facsimile: (202) 887-0689

Attorneys for Defendant Olympic
Manufacturing Group, Inc.

Attorneys for Plaintiff Phillips Screw
Company

1810630 v1; 12T3@01!.DOC

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Phillips Screw Company, | § § § | |
| Plaintiff, | § § | Civil Action No. 04 CV 10540 RGS |
| v. | § § | |
| Olympic Manufacturing Group, Inc., | § § | (Jury Trial Demanded) |
| Defendant. | § § | |

I hereby acknowledge that I have read the Stipulated Protective Order issued by the Court in this matter on _____. By executing this acknowledgement, I agree to join in and be bound by it and hereby submit to the personal jurisdiction of this Court for enforcement of the Order.

Date: _____

_____
[NAME OF PARTY]

_____
[TITLE]

_____
[SIGNATURE]

1810630 v1; 12T3@01!.DOC